Heaston v. The Board of Commissioners of Randolph Co.

## HEASTON v. THE BOARD OF COMMISSIONERS OF RANDOLPH COUNTY.

COUNTY · SEMINARIES—FORFEITURES—CONTRACT.—In 1838, under the provisions of "an act relating to County Seminaries," (R. S. 1838, p. 558,) the corporation called "the Board of Trustees of the County Seminary of *Randolph* County," was organized, and became a body politic and corporate, with the powers and liabilities of general corporations, subject to the peculiar objects of its organization, and with express power to acquire by donation or purchase, and to hold real and personal property for the use of a Seminary of learning. In 1838 the appellant sold and conveyed to said corporation certain real estate as a Seminary site, one-half of the value of which he donated and the other half he sold to the corporation, and his deed recited that the property was conveyed to "The Board of Trustees of the County Seminary of *Randolph* county, and their successors in office forever. To have and hold the premises aforesaid, with all the appurtenances, to the only proper use, benefit and behoof of said Board of Trustees, for the use of said Seminary forever." Section 2, article 8, of the Constitution of 1851, makes the proceeds of the County Seminaries, and property used in connection therewith, a part of the common school fund of the State. An act of the Legislature passed in 1852 (1 R. S. p. 437,) prescribes the manner of making such sales. The real estate in controversy herein seems never to have been sold, and is alleged to be now in the possession of the appellee herein, but said Seminary ceased to be maintained and the property was converted to other uses several years ago, and the appellant insists that by reason thereof the title of said property has reverted to him. The appellant now sues for the possession thereof and to quiet the title thereto.

*Held*, 1. That neither the constitutional nor the statutory provisions referred to abolish, either expressly or by implication, the Seminary corporations; but they continue in existence, at least for the purpose of holding the title to the property until it is actually sold and vested in the purchaser.

2. That the language of the conveyance from the appellant to the Trustees does not import any condition subsequent, upon the failure of which the title should revert to him, but transfer an absolute title to them, "for the use of said Seminary," which words mean for the use of the Seminary corporation itself.

3. That if the property, in this case, can not be sold under the authority of the State, and the proceeds applied to the support of common schools, then the title will remain in the Seminary corporation, notwithstanding any such attempted sale; but if such sale can be made, without the consent of the corporation, consistently with the Federal Constitution, then the sale, when made, will be valid and vest the title in the purchaser.

APPEAL from the *Randolph* Circuit Court.

WORDEN, J.—Action by *Heaston* against the Board of Commissioners. Demurrer to the complaint sustained, and judgment for the defendant.

The complaint avers, in substance, that on the 21st day of *August*, 1838, the plaintiff was the owner of certain real estate therein described; and the Trustees of the County Seminary of *Randolph* county, being desirous of procuring a suitable site on which to erect an edifice for a public seminary for said county, and the land described being suitable and proper for that purpose, and the plaintiff being desirous of procuring the location, erection and permanent continuation of said seminary thereon, he partly donated and partly sold the said real estate to the said corporation, one-half of which was donated to and accepted by the corporation, who paid the plaintiff the other half of the value of said real estate; thereupon the plaintiff conveyed the same to the corporation by deed, which is set out; that the corporation entered upon the premises and erected thereon an edifice for a public seminary, and continued to use and occupy the same for such purpose until the 1st day of *November*, 1851, when the corporation was dissolved by the constitution and laws of the State, and be-

came civilly dead, and the edifice ceased to be used for a seminary, and has been since that time used for other and different purposes; whereupon the said real estate reverted to the plaintiff by reason of the breach of the condition upon which it was granted; upon which he re-entered, &c.; but the defendants, pretending to have some title or claim, on the 1st of *January*, 1854, by fraud and subtlety entered into the premises, &c.

Prayer, that the plaintiff recover possession and be quieted in his title.

The plaintiff assumes, that by the adoption of the Constitution of 1851, which provides for the establishment of a general and uniform system of common schools, to be supported in part by the fund to be derived from the sale of county seminaries, and all moneys and property heretofore held for such seminaries, and by the passage of the act of the Legislature providing for such sale, all seminary corporations established under the general law of the State, were totally abrogated and destroyed.

The position thus assumed can not be taken as granted without examination.

The act in force at the date of the conveyance in question, (R. S. 1838, p. 558,) provides that the seminary trustees, when duly elected and qualified, "shall form and constitute a body politic and corporate, with general powers and liabilities similar to other corporations, subject, however, to the peculiar objects of its organization, under the name and style of The Board of Trustees of the County Seminary of —— county, subject always to the limitations and directions of the General Assembly of the State." The trustees are not only authorized to procure by donation or purchase a site on which to erect an edifice for a seminary, but are expressly empowered generally "to hold real and personal property for the use of a seminary of learning."

Heaston *v.* The Board of Commissioners of Randolph Co.

The 2d section of the 8th article of the Constitution provides that the common school fund shall consist in part of "the fund to be derived from the sale of county seminaries, and the moneys and property heretofore held for such seminaries." A statute provides for the manner of making such sales. 1 R. S. 1852, p. 437.

Neither the Constitution nor the statute expressly abolishes the seminary corporations. If they are abolished, it is by implication; that is, they are to be deemed abolished because their property is required to be sold. But is the implication necessary or just? May not a corporation exist, although it is to be stripped of property?

Where is the title to property held by these corporations vested in the interim between the adoption of the Constitution and law providing for the sale, and the sale thereof as provided for? It seems to us that, for some purposes—at least for the purpose of holding the title to their property—the corporations must continue in existence until such property is actually sold, and the title vested in the purchaser. In the case before us, it does not appear that the land in question has been sold, and the title is still in the seminary corporation, unless some act has been done that works a forfeiture.

Whether it is within the power of the State, either in the exercise of her sovereignty in forming a Constitution, or through her Legislature in enacting laws, to take from these corporations property that has been conveyed to them, and appropriate the same to the support of common schools, is a question that has not been discussed in this case, and need not be decided, as, in either event, this case must be decided against the plaintiff, on grounds that will be hereafter stated. It may be remarked, however, that the general law under which these corporations were created, differs from that creating the *Switzerland* County Seminary. *Vide Edwards* v.

*Jagers,* 19 Ind. 407. If the property can not be sold under the authority of the State, and the proceeds applied to the support of common schools, then the title will remain in the seminary corporations, notwithstanding any such attempted sale. If, on the other hand, such sale can be made against the consent of the seminary corporations, consistently with the Federal Constitution, the sale, when made, will be valid, and vest the title in the purchaser. It will not revert to the grantor, unless the grant was made upon some condition by which, in such event, a forfeiture of the estate took place.

From the view we take of the case, it is not at all material whether the property has been sold, as provided for, or not.

This brings us to the more special ground on which the plaintiff claims the right to recover. The premises in controversy, as shown by the deed, were conveyed by the plaintiff to "the Board of Trustees of the County Seminary of *Randolph* county, and their successors in office forever. To have and to hold the premises aforesaid, with all the appurtenances to the only proper use, benefit and behoof of said Board of Trustees for the use of said Seminary forever." This language, it is claimed, creates a condition subsequent, viz: that the premises are only to be used as a site for a Seminary edifice; hence it is insisted that, as since 1851, the edifice has not been used for Seminary purposes, but has been applied to other and different purposes, the condition is forfeited and the land reverts to the grantor. We can not, however, so construe the language of the conveyance. We have seen that the trustees were authorized "to hold real and personal property for the use of a seminary of learning." The language of the deed follows that of the law. It conveys the property to the trustees in fee simple, that is to the trustees and their successors forever, for the use of said Seminary. The word "Seminary," as used in the law and in the deed, does not signify an edifice or building, but signifies, as

we think, the Seminary corporation itself; the conveyance was to the trustees for the use of the corporation. The language of the conveyance simply expresses the use for which it was made. The word "use" may be held as synonymous with benefit. One of its definitions is, "in law, the benefit or profit of lands and tenements." *Webster*.

It may be that the plaintiff intended that the property conveyed should only be used for a Seminary edifice, or in case it should be used otherwise, that the estate should be forfeited and revert, but to have made such intention effectual the condition should have been expressed or fairly implied. This we think was not done. There is nothing in the deed that imports a condition. A condition is said to be a qualification or restriction annexed to conveyance of lands, whereby it is provided that in case a particular event does or does not happen, or in case the grantor or grantees do, or omit to do, a particular act; an estate shall commence, be enlarged or be defeated. 2 Greenleaf's Cruise, p. 2. The words usually employed to create a condition are, "on condition." But the phrases, "so that," "provided," "if it shall happen," are of the same import. "Provided, always," may constitute a condition, limitation or covenant, according to circumstances. 1 Hilliard, 381.

By the conveyance in question the corporation received an unconditional title, which was not defeated by the alleged failure to use the building erected on the premises for the purposes of a Seminary, or by using it for other purposes.

The case of *Seebold* v. *Shitler et al.*, 34 Penn. (10 Casey) is in point here. There certain persons had conveyed property in fee simple to the commissioners of the county of *Union*, and their successors in office, in trust and for the use of said county forever. The property was conveyed for the purpose of erecting thereon a court house, jail, &c. Afterwards the county of *Union* was divided and a new county called *Sny-*

*der* erected, and the seat of justice of *Union* county was removed from *New Berlin* to *Louisburg.* Under an act of the Legislature the premises thus granted, with the buildings thereon, were sold, and the proceeds divided between the counties of *Union* and *Snyder.* The heirs of the original grantors brought actions to recover the property, claiming that as the courts could no longer be held in *New Berlin,* nor the jail be used for the confinement of prisoners, the property reverted back to them. But it was held that the deed was unconditional and that the property did not revert. In the case of *Garst* v. *Gharkey et al.,* now pending in this Court, involving a like question, counsel have cited cases to show that a similar deed is conditional. We will note such of the cases thus cited as we have been able to find. The first is *Hayden* v. *Stoughton,* 5 Pick. 528. In this case a devise was made to the town of *Stoughton* of certain property for the purpose of building a school house: "*Provided,* said school house is built by said town within 100 rods of the place where the meeting house now stands." This was held to be a condition subsequent, and that upon a failure to build the house as provided for within a reasonable time, the land passed to the residuary legatee. Here was an express condition, and the case has no analogy to the one before us. In *Kirk* v. *King et al.,* 3 Penn. State R. 436, a conveyance was made " to the employers of the school at *Plum* Creek Meeting House," the premises to be held "for an English school house and for no other purpose whatever." It was held that the conveyance being to an unincorporated association, was void at law for the want of a grantee capable of taking. It was also held that as the person for whose benefit the grant was made had ceased to use the property for the school as provided for, for the space of seven years, an abandonment of their equitable right might be presumed, and the successor

of the grantor might enter. This case has no tendency to show that *Heaston's* deed to the trustees was conditional.

In the case of *Lessee of Sperry* v. *Pond*, 5 Ohio, it was held that a conveyance, on condition that the grantees shall keep a saw mill and grist mill doing business on the premises, is a valid one, and if the grantees fail to perform the condition they forfeit the estate. Here also is an express condition.

The cases of *Webb* v. *Moler*, 8 Ohio 548, and *Williams* v. *First Presbyterian Church, of Cincinnati*, 1 Ohio State R. 478, are also cited, but they do not seem to have any bearing upon the point here involved.

The ruling below upon the demurrer to the complaint, in our opinion, was right; hence the judgment must be affirmed.

*Per Curiam.*—The judgment is affirmed, with costs.

*Jer. Smith*, for the appellant.

*T. M. Browne, James Brown* and *J. J. Cheney*, for the appellee.