Filed Oct. 8, 1891.

---

No. 15,187.

HIGBEE v. RODEMAN.

PRACTICE.—*Supreme Court.—Parties to Appeal.—Motion to Dismiss Appeal.— Waiver.*—Where a cause, pending in the Supreme Court, has been submitted by agreement of parties, all question as to the parties to the appeal is waived, and a motion filed thereafter to dismiss the appeal for want of notice to some of the parties to the judgment must be overruled.

DEED.—*Condition Subsequent.*—*Right of Entry.*—A certain piece of land was conveyed by warranty deed to a township for common school purposes, and on the same day the grantors conveyed to the appellant a tract of land of which the land conveyed to the township was a part. The deed to the appellant excepted the lot conveyed to the township, and stated that the "lot was donated for school purposes so long as it shall be used for such purpose." The lot was used for school purposes for thirty years, and was then conveyed by the township trustee to the appellee for value, who has expended a large sum in the improvement of the property.

*Held,* that the language in the deed to the township does not tend to create a condition subsequent.

*Held,* also, that if the deed to the township contained a condition subsequent, and the deed to the appellant contained no exception, the property would revert, upon condition broken, to the grantor or his heirs, and that they alone would have the right of entry or re-entry.

*Held,* also, that if the conveyance to the township was upon a condition subsequent, the use of the property for thirty years for school purposes, would be a substantial compliance with the condition.

From the Hamilton Circuit Court.

*T. J. Kane* and *T. P. Davis,* for appellant.

*R. R. Stephenson* and *W. R. Fertig,* for appellee.

MILLER, J.—The motion made to dismiss the appeal for want of notice to some of the parties to the judgment is overruled. The cause having been submitted by agreement of parties long prior to the filing of the motion, all question as to the parties to the appeal is waived. *First National Bank* v. *Essex,* 84 Ind. 144; *Truman* v. *Scott,* 72 Ind. 258; *People's Savings Bank* v. *Finney,* 63 Ind. 460; *Ridenour* v. *Beekman,* 68 Ind. 236.

This was an action brought by the appellee against the appellant to quiet the title to a tract of land.

The ruling of the court in overruling the appellant's motion for a new trial is assigned as error here.

The only cause for which a new trial was asked was the insufficiency of the evidence to sustain the finding.

The evidence is substantially as follows: On and prior to March 13, 1865, Jeremiah Dunn was, the owner of the real

estate in controversy, together with other lands adjoining. On that day Dunn conveyed to Adams township, in Hamilton county, the land in dispute, which consisted of one-half acre, by deed, the granting part of which is as follows:

"This indenture witnesseth: That Hannah Dunn and Jeremiah Dunn, of Hamilton county, and State of Indiana, convey and warrant to Adams township, *for common school purposes*, in said township of Hamilton county, in the State of Indiana, for the sum of five dollars, the following real estate in Hamilton county, in the State of Indiana, to wit."

On the same day Dunn conveyed to the appellant, Higbee, forty acres of land by a deed which contains one exception, which covers the land in dispute, and is as follows: " Except a lot of one-half ($\frac{1}{2}$) an acre off the northeast corner of said tract for school purposes, on which the district schoolhouse now stands; which lot was donated for school purposes so long as it shall be used for such purposes."

The evidence shows, without dispute, that a deed was found among the papers in the trustee's office of the township some time in 1858 or 1859, to the township for this school lot; but that it was lost, and no evidence was given of its terms and conditions. The parties have agreed that the property was used for school purposes from 1855 until 1885. It is reasonable to suppose that it was held under the lost deed above referred to.

On the 4th day of October, 1886, Henry Devaney, "as trustee of Adams township, of Hamilton county," sold and conveyed the lot to the appellee for the consideration of four hundred dollars, which was a fair price for the property. The purchaser having paid for the property took possession, and has expended upwards of five hundred dollars in its improvement, and has, since his purchase, used the property for dwelling, and business purposes.

There was some evidence introduced, on the part of the appellee, intended to establish an estoppel, but we think it wholly insufficient for that purpose.

Higbee v. Rodeman.

In our opinion the court did not err in overruling the motion for a new trial. Conditions subsequent are not favored in law, but are strictly construed.

The language used in the deed from Dunn to the township specifies the use to which the property would be put, but does not even tend to create a condition subsequent. *Heaston* v. *Board, etc.*, 20 Ind. 398; *Schipper* v. *St. Palais*, 37 Ind. 505; *Sumner* v. *Darnell*, 128 Ind. 38.

Another bar to the recovery of the land by the appellant is that the deed from Dunn, under which he claims title, expressly excepts the lot in controversy from its operation. Any other construction deprives the exception of meaning.

If the deed to the township contained a condition subsequent, which it does not, and the deed from Dunn to the appellant no exception, the property would revert, upon condition broken, to the grantor or his heirs. The right of entry, or re-entry, can not be granted over, and none but the grantor, or his heirs, can take advantage of them. *Paul* v. *Connersville, etc., R. R. Co.*, 51 Ind. 527, and cases cited.

If the conveyance from Dunn to the township was upon a condition subsequent, the township having had the use of the property, for school purposes, from 1855 to 1885, a period of thirty years, there has been a substantial compliance with the condition. *Sumner* v. *Darnell, supra; Hunt* v. *Beeson*, 18 Ind. 380; *Jeffersonville, etc., R. R.* v. *Barbour*, 89 Ind. 375.

We find no error in the record, and the judgment is affirmed.

Filed Sept. 25, 1891.