THE BOARD OF PUBLIC EDUCATION IN WILMINGTON, a corporation under the laws of the State of Delaware,

*vs.*

"ST. PATRICK'S ROMAN CATHOLIC CHURCH, WILMINGTON, DELA-WARE," a corporation of the State of Delaware.

*New Castle, Feb. 4, 1927.*

*Caleb S. Layton*, City Solicitor, for complainant.

*E. Ennalls Berl*, for defendant.

*James H. Hughes, Jr.*, for interveners Joseph M. Mendinhall and Mary Mendinhall Mullin.

THE CHANCELLOR. Conditions which upon breach work a forfeiture of an estate are not favored in law. This is elementary.

"The recital of a twofold consideration consisting in part of the payment of a sum of money, and in part of the use of the property for a designated purpose does not constitute a condition." *First Presbyterian Church v. Bailey*, 11 *Del. Ch.* 116, 97 *A.* 583.

Courts, in examining the language of a stipulation in a deed, will by preference construe it as creating a covenant, a trust, or an equitable charge, rather than a condition. 1 *Tiffany on Real Property*, § 79.

In the light of these general principles, what is the significance to be given to the recital in the Howland deed upon which the defendants and interveners rely as vitiating the title which the complainant has bargained to convey? It is to be noted in the first place that, in both the granting clause of the deed and in its habendum clause, the language is in terms of an absolute conveyance. No condition is formally expressed in any of the usual modes of expression familiar in conveyancing. No right of re-entry is provided for. No trust is expressed in terms, nor is any to be gathered from the use of such words as "for the purpose of," or the like. Even such words have not always been construed to impose a trust. But if such words did invariably connote a trust, yet they are ab-

sent here. The sole language upon which anything like either a trust or a condition is sought to be read into this deed is found at the beginning of the deed, before the formal language of the instrument is reached, by which the fact is recited that the grantee had agreed to erect, etc., a schoolhouse. In consideration of that agreement, as well as of one dollar, the deed was made.

Certainly this language of the recital cannot be said to have impressed a trust upon the estate which by the deed proper was conveyed in absolute terms without mention of an equitable interest.

Nor can it be said that the recital imposes a condition upon the estate, which is in terms as free of a condition as it is of a trust. Bearing in mind the disfavor in which conditions are viewed by the law and the consequent preference of courts to avoid conditions which subject estates to forfeiture if any other meaning can be fairly attributed to the language of the instrument, I have no hesitancy in saying that at most the recital in the deed can have no effect beyond that of a covenant.

It being regarded as a covenant, what is the consequence? The question arises, has not the covenant been fully performed? I think it has. The agreement does not obligate the grantee to maintain a schoolhouse for colored children forever. The agreement was "to erect, keep open, carry on and maintain" a colored school for no required length of time. The Board of Education did in fact erect such a schoolhouse, keep it open and maintain it for something like nineteen years. This was certainly a substantial, not to say technical, compliance with the covenant. In the following cases a substantial compliance was held to have satisfied a covenant much stronger in its terms than this one. *Jeffersonville, etc., R. R. Co. v. Barbour*, 89 *Ind.* 375; *Hunt v. Beeson*, 18 *Ind.* 380. Assuming, but not deciding, that the covenant ran with the land and so would be binding on the proposed purchaser, yet the heirs of Howland could not assert any rights based thereon, because clearly the covenant has been fully performed. The interveners are in even a less favorable position, for they can claim no rights as heirs to this particular piece of real estate. The fact that from 1909 to 1926 the Board of Education ceased to use the school for colored children but used it for white children would indicate

that the interested parties, by their failure to object, recognized that the covenant had been satisfied. I do not, however, predicate disposition of the case upon this suggestion of possible laches.

A decree will be entered in accordance with the prayer of the bill.