EBENEZER'S OLD PEOPLE'S HOME OF EVANGELICAL ASSOCIATION OF EBENEZER, NEW YORK, ET AL. *v.* SOUTH BEND OLD PEOPLE'S HOME, INC. ET AL.

[No. 17,010.   Filed May 24, 1943.]

*J. Walter Yeagley* and *John G. Yeagley,* both of South Bend, for appellants.

*Vitus G. Jones, Francis Jones, Roland Obenchain,* and *Paul M. Butler,* all of South Bend, for appellees.

CRUMPACKER, P. J.—George Bernhard, late of South Bend, St. Joseph County, Indiana, died testate on the 9th day of December, 1926. So much of his will as is pertinent to the questions presented by this appeal reads as follows:

"Item 6.

"In the event there is an institution in the City of South Bend at the time of my death or within two years after the time of my death, which has for its purpose of its existence the maintenance of a home for old people irrespective of their religious beliefs upon at least a partial charitable basis then I desire and direct my said executor to turn all the rest and residue of the property of which I may die seized to said institution.

"In the event however there be no such institution located within the said city of South Bend at the time of my death or within two years thereafter then I give, devise and bequeath all the rest and residue of the property of which I may die seized equally between 'Ebenezer's Old People's Home of the Evangelical Association' of Ebenezer, New York, and 'The Ebenezer Orphans Home of the Evangelical Association' located Flat Rock, Seneca County, State of Ohio, and 'The Western Old People's Home of the Evangelical Association' located Cedar Falls, Iowa. Said funds so going to the said respective institutions to become a perpetual fund for said institutions of which the interest thereof shall be used as the officers of said institution may see fit for the good of their respective institutions."

The appellants brought this suit to recover possession of the money, bonds and other securities constituting the residue of said estate now in the hands of the appellees who claim to have qualified to receive it under the first paragraph of said Item 6. A joint and several demurrer for want of facts was filed to the complaint which was sustained by the trial court. The appellants refused to plead further and thereupon it was adjudged

that they take nothing by reason of their complaint and that the appellees recover costs.

As the sole question presented by this appeal goes to the sufficiency of the complaint the material allegations thereof are important. The testator's will is set out in full but as Item 6, above quoted, controls the entire controversy we make no mention of its further provisions. With such exception the material allegations of said complaint may be summarized as follows: Some time prior to the complete administration of the estate of George Bernhard, deceased, the executors thereof filed a petition in the St. Joseph Circuit Court seeking a declaratory decree construing Item 6 of his will and determining, under its terms, the beneficiary of his residuary estate. The appellants and appellees herein filed petitions in said proceeding claiming said residue and after a hearing and trial upon the issues thus joined the court found that the appellee, South Bend Old People's Home, Inc., under the terms of said Item 6, was the testator's residuary legatee and entitled to the residue of his estate and entered its decree accordingly. In the final administration of the estate and in compliance with the court's order said residue was paid and distributed to the appellee Roland W. Goheen, who represented himself as being the treasurer of said South Bend Old People's Home, Inc. This corporation, it is alleged, never perfected its corporate existence or became a legal entity capable of possessing or holding title to property. Its alleged incorporators never met to elect officers, none were ever otherwise chosen and no meeting of any kind was ever held after its pretended incorporation. Such incorporation was for the sole purpose of taking the residue of the testator's estate under said Item 6 of his will with no intention

whatever of carrying into effect the purpose of the gift as therein expressed. Said residue is insufficient to maintain an institution of the character contemplated by the testator, and the appellees have made no effort to acquire other necessary assets and have no intention of ever doing so. Most of the original incorporators of said pretended corporation are now dead or have resigned and those remaining disclaim any responsibility in connection with the institution except the appellee Goheen. In using the word "institution" in Item 6 of his will the testator had in mind an established and permanent enterprise with resources in addition to those constituting his gift and one which was engaged, or able to engage, in the successful conduct of the charity in which he was interested. The South Bend Old People's Home, Inc., is not such an institution and wholly unable to qualify as such—a situation that has resulted in the nonuser of the property in controversy for a period of more than 16 years. Wherefore, it is asked that the appellants be declared to be the testator's residuary legatees and that the appellees be required to account to them for the residue of said estate.

This complaint is attacked by the appellees on the theory that it shows on its face that all questions concerning their rights in and to the property involved have been fully and finally adjudicated in their favor and, since said Item 6 contains no condition subsequent through which such rights might be divested, their title to the property in controversy is shown by the complaint to be absolute and unconditional. The appellees further urge that it appears from said complaint that said property is the subject of a charitable bequest which cannot be defeated through inadequacy of funds to carry out its purpose, the violation of its terms or other-

wise, and that the appellants' remedy is not through forfeiture but by an action to compel fulfillment in which, if need be, the *cy pres* doctrine will be applied.

In rhetorical paragraphs 9 and 10 of the complaint it is alleged that the executors of the last will and testament of the said George Bernhard, deceased, filed a petition in the St. Joseph Circuit Court, in which said decedent's estate was being administered, asking a declaratory decree determining which corporation or corporations named in said Item 6 of the will was entitled to the residue of said estate and that the appellants and appellees herein each filed petitions in said proceedings asking that said residue be set off to them. That in the final determination of the questions thus presented the court adjudged that the appellee, South Bend Old People's Home, Inc., was entitled to said residue and ordered it so disposed of. Said judgment eventually came before this court for review in the case of *Ebenezer Old People's Home* v. *Bernhard* (1935), 100 Ind. App. 636, 196 N. E. 129, and it was there held to be a final judgment binding upon all parties thereto. As the complaint in the instant case alleges that the appellants and appellees were parties to said action for a declaratory judgment determining their respective rights in the residue of said estate, all matters litigated or which could have been properly litigated in that action must be considered *res adjudicata*. Said judgment determines for all time that not later than two years after the testator's death the appellee, South Bend Old People's Home, Inc., came into legal existence and is an institution in said City of South Bend which has for its purpose the maintenance of a home for old people irrespective of their religious beliefs upon at least a partial charitable basis; that it is the sole residuary legatee under the testator's will

and not being barred by fraud, either actual or constructive, from taking the residue of his estate the same vested in the appellee, South Bend Old People's Home, Inc., upon the final administration of said estate.

The appellants contend, however, that even though the above be true the facts alleged in the complaint show that such title as the appellee, South Bend Old People's Home, Inc., acquired in said residuary estate has been divested because (1) said appellee has not devoted the property of which the residuary estate consists to the purposes for which it was bequeathed to it for a period of more than 16 years; (2) ever since its incorporation said appellee has been and still is wholly unable to carry out the testator's purposes in making the devise which therefore lapsed; and (3) said property was devised to said appellee upon the condition subsequent that it be used to maintain a home for old people and that such condition has not been met.

We are unable to discover anything in Item 6 of the testator's will that expressly constitutes or constructively imports a condition subsequent. By its terms he does nothing more than direct his executors to turn over the residue of his estate to an institution in the City of South Bend which has for its purpose the maintenance of a home for old people irrespective of religious beliefs upon at least a partial charitable basis, if there be one in said city at the time of his death or within two years thereafter. In the absence of a qualified donee said residue is to go to the appellants. The words "which has for its purpose of its existence the maintenance of a home for old people irrespective of their religious beliefs upon at least a partial charitable basis" were used by the testator merely as a means of identifying his residuary legatee. They mean nothing more than that it

was his desire that such an institution should have what was left of his property after the payment of the costs of administration, last sickness and burial, just debts and specific legacies. Assuming, for the purpose of discussion only, that the appellants are correct in their contention that the words above quoted are a direct declaration by the testator of the purposes for which he desired his property to be used, nevertheless a condition subsequent is not created thereby. In the case of *Heaston* v. *The Board of Commissioners of Randolph Co.* (1863), 20 Ind. 398, 402, the conveyance was by deed, rather than by will as in the instant matter, to " 'the Board of Trustees of the County Seminary of Randolph County, and their successors in office forever. To have and to hold the premises aforesaid, with all the appurtenances to the only proper use, benefit and behoof of said Board of Trustees for the use of said Seminary forever.' " It was contended that this created a condition subsequent and, as the premises were not being used as a seminary, the grantor was entitled to recover the land. The court held that the corporation received an unconditional title, which was not defeated by failure to use the premises for the purpose of a seminary, or by using it for other purposes; that had the grantor intended that the property conveyed should be used for a seminary edifice only, and in case it should be used otherwise, the estate should be forfeited and revert, such condition should have been expressed or fairly implied from the language used. In the course of its opinion the court said: "A condition is said to be a qualification or restriction annexed to conveyance of lands, whereby it is provided that in case a particular event does or does not happen, or in case the grantor or grantees do, or omit to do, a particular act; an estate shall commence, be enlarged or be defeated.

The words usually employed to create a condition are, 'on condition.' But the phrases, 'so that,' 'provided,' 'if it shall happen,' are of the same import."

Item 6 of the testator's will contains no such words and, although no definite or particular form of expression is absolutely essential to the creation of a condition subsequent, it must be manifest from the terms of the will that the devise or bequest was made on condition and the absence of the words usually used for such purpose is significant. *Sumner* v. *Darnell* (1891), 128 Ind. 38, 27 N. E. 162, 13 L. R. A. 173. In the case of *Sheets* v. *Vandalia R. Co.* (1921), 74 Ind. App. 597, 603, 127 N. E. 609, the court said: "The true rule is that 'conditions subsequent, having the effect in case of a breach to defeat estates already vested, are not favored in law and hence always receive a strict construction.' . . . A condition subsequent will not be raised by implication from a mere declaration in the deed that the grant is made for a special purpose, without being qualified with words appropriate to make such a condition." This is the generally recognized rule running through all decisions on the subject in Indiana and, although it is usually announced in the connection with the construction of deeds, it is equally applicable to the devise or bequest of property by will. It is our opinion that the testator failed to express a condition subsequent in connection with the property in controversy either by the language used in Item 6 of his will or that used in the testament as a whole, and this court cannot supply what he himself failed to provide. *Summer* v. *Darnell, supra; Heaston* v. *The Board of Commissioners of Randolph Co., supra; Schipper* v. *St. Palais* (1871), 37 Ind. 505; *Scantlin* v. *Garvin* (1874), 46 Ind. 262; *Aldred* v. *Sylvester* (1916), 184 Ind. 542, 111 N. E. 914; *Van De-*

Bogert v. *Reformed Dutch Church* (1926), 220 N. Y. S. 50, 128 Misc. 603.

In their brief the appellants cite many cases from this jurisdiction and elsewhere treating of charitable trusts and circumstances under which the *corpus* thereof will revert for nonuser. These cases would all be influential in our consideration of this appeal if it could be said that a charitable trust is here involved. We are not in accord, however, with such a theory for the reason that the mere statement in a will of the purpose for which the subject property is to be used does not create a trust. *Ramsey* v. *Hicks* (1910), 174 Ind. 428, 430, 91 N. E. 344, 345. In the case just cited land was conveyed by general warranty deed to the "trustees of the Washington congregation of the Cumberland Presbyterian Church, in Daviess County, Indiana." It was contended that this deed was upon a special limited trust and that title was forfeited by the consolidation of the said Cumberland Presbyterian Church with another and the creation thereby of a new and different religious institution in which the identity of the *cestui que trust* was lost. The court said at p. 455, "it is entirely clear that no trust, express or implied, is attached to the title." It is apparent to us that in the instant case the testator intended to give the residue of his estate to some institution in South Bend which had for its purpose the maintenance of a home for old people to be used by such institution in the carrying out of *its* purposes and not in trust for another. The charity in which such an institution was engaged appealed to the testator and he gave to it the residue of his estate to aid in the carrying out of its purposes without other restriction or limitation. Such a bequest has none of the characteristics of a trust and amounts to nothing more than a gift to a charitable

institution in whose purposes and objects he was sympathetic. *In the Matter of Griffin* (1901), 167 N. Y. 71, 84, 60 N. E. 284, is a case very much in point. There the testator gave the residue of his estate to "the Round Lake Association, . . . to be prudently invested by it, and the income and profits arising therefrom to be devoted and applied by said association to the support and maintenance of the school at said Round Lake known as the Round Lake Summer Institute." It was contended that this created a trust and in deciding the question the court said:

> "His gift to the Round Lake Association was doubtless for the purpose expressed in his will of maintaining a school by the association, as had been done for some time before the incorporation of the academy, but still for the purpose of maintaining a school which should be a part of and entirely dependent upon the association, and not for a separate corporation that in the future might become wholly disassociated from the Round Lake Association. In other words, he intended to give his property to the Round Lake Association, to maintain its own school, not as trustee for the benefit of another, though doubtless it may use the other for the purpose so long as the parties contract therefor. Such a gift, though the corporation may be instructed to maintain the principal intact and use the income only for a specific purpose, does not create a trust."

Notwithstanding all this, the appellants say their complaint alleges that the bequest to the appellees was for a specific purpose which they have failed to carry out for 16 years through inability to supplement the testator's gift with such additional funds as were necessary to the fulfillment of such purpose; that they, the appellants, are ready, able and willing to do so and therefore said complaint repels a demurrer on the theory that the law, under such circumstances, will decree the

gift to the appellees forfeited and vest the property in controversy in them as the testator's residuary legatees.

In support of this theory the appellants have referred us to many cases all of which we have examined with care. In each of them either a trust or a condition of some character is involved, and it seems well settled that the breach of a condition subsequent will usually divest title and that public policy will not permit the nonuser of trust funds. As heretofore said, however, we are not concerned with either a trust or a condition subsequent and, in the absence of both, we find no authoritative sanction for a principle of law that takes an unconditional title in property from one in whom it has vested, even though the use thereof is limited to certain designated purposes by the instrument through which such title was acquired and such use has failed. We are not to be understood as holding that had the appellee, South Bend Old People's Home, Inc., been organized for the purpose of taking the testator's residuary estate with no intention of using it as he intended, there would be no remedy. Such action would savor of fraud and vitiate the whole transaction but, as said earlier in this opinion, that question has been adjudicated against the appellants.

Whatever be the remedy for the situation disclosed by the complaint, it is elementary that the appellants must show an interest in the subject-matter of the litigation if their complaint is to be held sound. It seems clear to us that quite the contrary is shown thereby. They are neither the heirs or next of kin of the testator and their interest in his residuary estate was entirely dependent upon the absence in South Bend of an institution which had for its purpose the maintenance of a home for old people of any religious faith on a wholly or partially charitable basis. If such an

institution did not exist at the time of the testator's death, or come into existence within the time prescribed by the terms of his will, the appellants became the residuary legatees. That contingency however never arose as the appellee, South Bend Old People's Home, Inc., met the requirements of the will and took title and possession of such estate. *Ebenezer Old People's Home* v. *Bernhard, supra*. All this is shown by the appellants' complaint and therefore as a matter of law they never were and never can be the testator's residuary legatees. As there was no lapse of the legacy to the appellee, South Bend Old People's Home, Inc., with a consequent acceleration of the contingent bequest to the appellants and as the property in dispute will revert to the testator's heirs at law in the event the present title is forfeited, it must be held that the appellants have no interest in the subject-matter of this litigation.

It appears from the complaint that the appellee Roland W. Goheen has no interest in the property involved except as treasurer of the corporate appellee and therefore what we have said disposes of his responsibilities in the premises.

For the reasons indicated the appellants' complaint does not disclose a cause of action and the judgment of the trial court is in all things affirmed.

NOTE.—Reported in 48 N. E. (2d) 851.