## THE INDIANAPOLIS, PERU AND CHICAGO R. W. Co. v. HOOD ET AL.

CONVEYANCE.— *Condition Subsequent.—Forfeiture.—Reversion.—Railroad.—* Where real estate is conveyed to a railroad company, " for and in consideration of the permanent location and construction of the depot of said

railroad" thereon, and such depot is constructed upon said real estate, but is subsequently removed and erected upon other land, the removal constitutes a breach of the implied condition subsequent contained in such deed, and such real estate reverts to the grantor.

From the Miami Circuit Court.

*D. Moss,* for appellant.

*H. J. Shirk* and *J. Mitchell,* for appellees.

Howk, J.—In this action, the appellees sued the appellant, in a complaint of three paragraphs, to recover the possession of certain town lots, particularly described, in Hood's Addition to the town of Peru, in Miami county, Indiana, and to have their title quieted to said town lots.

To the appellees' complaint the appellant answered, in five paragraphs; and to the second and fifth paragraphs of answer, the appellees' demurrers, for the alleged want of facts therein, were sustained by the court, and to these rulings the appellant excepted. To the other affirmative paragraphs of answer, the appellees replied by a general denial thereof.

The issues joined were tried by the court, upon an agreed statement of facts, and a finding was made for the appellees; and the appellant's motion for a new trial having been overruled, and its exception saved to this decision, the court rendered judgment on its finding, for the appellees.

The appellant has assigned, in this court, the following decisions of the court below, as errors:

1. In sustaining the appellees' demurrer to the second paragraph of appellant's answer; and,

2. In overruling its motion for a new trial.

In his brief of this cause, in this court, the appellant's counsel has not discussed the question of the sufficiency of the second paragraph of the appellant's answer. Under the settled practice of this court, the first alleged error must therefore be regarded as waived.

In its motion for a new trial, the causes therefor, assigned by the appellant, were that the finding of the court was not sustained by sufficient evidence, and that it was con-trary to law. The only question for our decision, under the second alleged error, is whether or not the facts agreed to by the parties on the trial were sufficient in law to show that the appellees were the owners of the town lots described in their complaint, and entitled to the relief prayed for therein. As necessary to a proper understand-ing of the question presented, and of our decision thereof, we set out the agreed statement of facts, on which this cause was tried and decided in the circuit court, as fol-lows :

"On the 17th day of November, 1851, Sophia C. Noel, being the owner in fee of lots Nos. 61, 63, 64, 65, 66, 67, 68, 69 and 70, in Hood's Addition to the town of Peru, conveyed the same by deed to the President and Directors of the Peru and Indianapolis Railroad Company, of which company the defendant herein is the successor and owner of all the rights, title and interest, which said company above named had in said lots, a copy of which deed is filed with the complaint. The only consideration for the conveyance of said lots is that mentioned in the deed. The said company, to which said lots were so conveyed, took immediate possession thereof and erected a frame building thereon, which said company used as their depot at Peru, Miami county, Indiana, until succeeded by the defendant; and the defendant continued to use the same as a depot, until about the 15th day of November, 1869, when the defendant ceased to use the same for that pur-pose, and has built and occupied a depot entirely off of said lots and about one-third of a mile distant therefrom ; that Sophia C. Noel, on the — day of ———, 1868, and before the commencement of this suit, died intestate, leaving the plaintiffs her only heirs at law, who inherited

all the right, title and interest she had in said lots; and that they made a demand of the defendant of the possession of said lots, before the commencement of this suit."

This agreed statement of facts was signed by the attorneys of the respective parties, and, with the deed mentioned therein, constituted all the evidence given in the cause, as shown by the bill of exceptions. The deed referred to was dated on the 17th day of November, 1851, and was executed by said Sophia C. Noel and Smallwood Noel, her husband, to the President and Directors of the Peru and Indianapolis Railroad Company. This deed witnessed, " That the said party of the first part, for and in consideration of the permanent location and construction of the depot of said railroad at Peru, in the county of Miami, Indiana, on the lots hereinafter named, upon such or so many or such parts thereof as the said railroad company shall elect, have given, granted, conveyed, and by these presents do give, grant, convey and confirm, unto the said party of the second part, lots numbers sixty-one, sixty-three, sixty-four, sixty-five, sixty-six, sixty-seven, sixty-eight, sixty-nine and seventy, in the Hood Addition to the town of Peru, in the county of Miami aforesaid ; which said several lots were the property of said Sophia C. Noel, and are now conveyed by the said party of the first part to the said parties of the second part, for a site for the depot of said railroad, at Peru aforesaid, together with all the privileges and appurtenances thereunto belonging ; to have and to hold the premises aforesaid, with the appurtenances, to the said party of the second part, for the purposes aforesaid."

This deed was duly acknowledged by the grantors therein, and recorded in the recorder's office of said Miami county, on the 20th day of January, 1852.

It will be readily seen, we think, from the facts agreed

upon in this case, and the phraseology and terms of the deed, the substance of which we have set out, that the proper decision of this action depends upon the construction to be given to the deed in question. If it can be correctly said, that the railroad company, of which the appellant was the lawful successor, took and held the said lots, under the terms of said deed, upon the condition subsequent, that the said company should permanently locate and construct its depot at Peru, upon the said lots, or some of them, or some part thereof, then it can not be doubted that there was a breach of such condition, under the facts agreed upon by the appellant, by its removal of its depot at Peru from off the said lots, and that, by reason of such breach of such condition, the appellant's title to said lots was defeated, and the ownership thereof reverted to the appellees, as the heirs at law of said Sophia C. Noel, the grantor in said deed.

It seems to us that, by the express terms of the deed of said Sophia C. Noel to the President and Directors of the Peru and Indianapolis Railroad Company, the said company did thereby take and accept the said lots therein described, upon the condition subsequent that it would permanently locate and construct its depot at Peru upon the said lots, or some of them, or some part thereof. This condition subsequent was, we think, clearly expressed in the deed under consideration, although the word " condition " was not used therein ; and it is very evident that this condition subsequent was the only consideration or inducement for the execution of said deed by said Sophia C. Noel. The appellant's breach of this condition, by its removal of its depot at Peru from off the said lots, or any of them, or any part thereof, and by its location, construction and occupation of a depot at Peru, entirely off of the said lots, and about one-third of a mile distant therefrom, was expressly and fully admitted in the agreed statement

of facts. We are clearly of the opinion that this breach of the condition subsequent in the said deed of Sophia C. Noel worked a forfeiture of the appellant's estate in said lots under said deed, and rendered them subject to be recovered back by the appellees, as the heirs at law of said Sophia C. Noel, either at law or in equity. *Cross* v. *Carson*, 8 Blackf. 138; *Leach* v. *Leach*, 4 Ind. 628; *Leach* v. *Leach*, 10 Ind. 271; *Scott* v. *Stipe*, 12 Ind. 74; and *Clark* v. *Holton*, 57 Ind. 564.

The court committed no error, in our opinion, in overruling the appellant's motion for a new trial of this cause.

The judgment is affirmed, at the appellant's costs.