GEORGE BARRIE v. EDWARD SMITH, JAMES B. KELLY AND ALFRED A. DWIGHT.

*Conditions subsequent— Waiver, by allowing condition to be disregarded.*

Conditions subsequent, tending as they do to destroy estates, are to be strictly construed.

A grantor who, without objection, allows the land conveyed to be used in violation of a condition subsequent, by which a forfeiture thereof might be claimed, and permits valuable improvements to be thereafter erected thereon, will be deemed thereby to have waived his right to enforce the condition for such violation.

Where a condition in a conveyance evinces no intention of actual or substantial benefit to the grantor, it is merely nominal, within the meaning of Comp. L. § 4113.

A condition in a conveyance by which the land is to revert to the grantor, should it ever be used for the purpose of carrying on the sale of intoxicating liquors, cannot be enforced if the grantor permits such use to be continued and valuable improvements to be thereafter erected thereon without objection, or if no substantial injury is individually sustained by him in consequence of such use.

Error to Otsego. Submitted Oct. 5. Decided Oct. 26.

EJECTMENT. Plaintiff brings error. Reversed.

*A. McDonell* for plaintiff in error.

*Thomas A. E. Weadock* for defendants in error, cited in support of the validity of the condition, *Plumb v. Tubbs* 41 N. Y. 442; *Gilbert v. Peteler* 38 N. Y. 165; *Atlantic Dock Co. v. Leavitt* 54 N. Y. 35; the condition was not against public policy: *Cowell v. Colorado Springs Co.* 100 U. S. 55.

MARSTON, C. J. It is to be regretted that we did not have the benefit of a careful examination and argument by counsel upon what this court considers the important question in this case. Counsel seem to have conceded the validity of the condition, claiming simply that there had been a waiver thereof by the plaintiffs, the original grantors, and if not, that the defendant below was at all events entitled to be compensated for his improvements.

It is familiar doctrine and well settled that " conditions subsequent are not favoured in law, and are construed strictly, because they tend to destroy estates; and the rigorous exaction of them is a species of *summum jus,* and in many cases hardly reconcilable with conscience." 4 Kent Com. 129; *Mich. State Bank v. Hastings* 1 Doug. (Mich.) 257; *Calkins v. Smith's Estate* 41 Mich. 412.

It appears from the record that the plaintiffs below, defendants in error, were the owners of lot 5 in block 21 of the village of Otsego Lake on the 10th day of June, 1879. That on said June 10th they conveyed this lot, by warranty

deed, to Albert M. Hilton and Hamilton Turner in consideration of one hundred dollars. This deed contained the usual covenants, with the following condition: "*Provided*, always, and this conveyance and the estate in the said premises hereby created is subject to the express condition that: if the parties of the second part, their heirs or assigns, shall at any time sell or keep for sale upon said above-granted premises or knowingly permit any person under them so to sell or keep for sale any spirituous or intoxicating liquors whether distilled or fermented, the entire title and estate in and to said premises hereby conveyed and created shall cease, and the title to said premises shall thereupon at once revert to and rest in the parties of the first part, their heirs and assigns, forever, and it shall then be lawful for the said parties of the first part, their heirs or assigns, to re-enter upon said premises, and said parties of the second part, their heirs or assigns, and every person claiming under him or them, wholly to remove, expel and put out."

July 8, 1879, Hilton and Turner, by warranty deed, in the usual form, conveyed the premises to Samuel S. Morris, who conveyed to the defendant July 31, 1879. The plaintiffs also introduced a certified copy of the docket of one Adam Assel, a justice of the peace, showing that the defendant had pleaded guilty to the offense of selling liquor without having a bail bond, and then rested.

The defendant was examined in his own behalf and testified that he was owner of an undivided one-half of the premises, and occupied it for keeping a saloon and billiard hall, and also offered to show that for some time prior to his purchase, and to the knowledge of the plaintiffs or some of them, the buildings were used for the purpose of selling intoxicating liquors. The defendant also testified that he had put improvements upon the property, far exceeding the value of the unimproved lot.

It is well settled that a condition subsequent may be waived, where broken, by the party who has the right to avail himself of it, and this may be proven as well by acts and conduct as by an express agreement, and where once

waived it is gone forever. If therefore it appeared that the grantor of the defendant had used these premises or the buildings thereon for the purpose of selling intoxicating liquors therein, to the knowledge of the plaintiffs, or either of them, and the defendant subsequently purchased the premises, and made valuable improvements thereon without objection, or any steps being taken by the plaintiffs to insist upon a forfeiture, this would constitute a waiver of the condition and forfeiture. *Gray v. Blanchard* 8 Pick. 284.

That the plaintiffs could waive the condition there can be no question, and if they permitted the premises to be used in violation thereof, they could not stand by, see the property change hands, and after valuable improvements had been made thereon, then step in, insist upon a forfeiture, and thus acquire the improvements made upon the strength of their seeming acquiescence. And even should the defendant be entitled to recover the value of the improvements under our statute—a point upon which we express no opinion—still the defendant could not in all cases be fully protected thereby. It is well known that in many cases, because of the growth of our cities and villages, real estate, and especially business locations therein, rapidly increases in value, so that even where no improvements may be made upon the property, to permit a grantor to stand by and see the property used in violation of his condition, without objection, until it had become of considerable value, and then insist upon a forfeiture, certainly would not tend to promote justice—especially where property changes hands so frequently as it does in growing villages.

A more serious question however remains to be considered in this case. May an owner of lands, when conveying the same, insert such conditions subsequent as his fancy may dictate, and upon a breach thereof, insist upon a forfeiture of the estate, although such breach in no way tends to his prejudice? May he insert a condition that even an unobjectionable business shall not be carried on upon the premises; or that a particular use of the premises and none other shall be made; or that if any violation of the laws of the

land occur thereon, as an assault and battery, that the estate shall be forfeited and that he may thereupon re-enter and become owner thereof? Upon what principle could such conditions be enforced, other than that as mere owner, he had a right to insert any conditions which the grantee would accept? If this right exists then conditions in restraint of trade and that would tend to prevent alienation of the property may be inserted at pleasure and the courts be called upon to enforce the same.

The right to insert conditions, like the one in this case, we do not question, where it appears that the grantor has a special interest in the enforcement thereof. An owner of real estate, when conveying a part thereof, may undoubtedly impose conditions, which if reasonable, courts would by an appropriate remedy restrain and prevent the violation thereof, for the protection of the grantor and his privies in estate, certainly so long as the reasons which gave rise to the condition still existed.

Nothing however of this kind exists in the present case. It does not appear that the plaintiffs at the time of the conveyance or since then owned any other lands in the village or vicinity of Otsego, or that they resided in the village or vicinity, or had in any way a special interest in the enforcement of this condition. A party owning two adjoining lots, or a tract of land, may when selling one or a part of the tract, be interested in preventing any noxious business from being carried on thereon, or in having it improved in a certain manner. The reason in such cases would be apparent and so long as it existed should be ground for enforcing the condition. When however the grantor has parted with all interest in the remaining property, while his subsequent grantees may be interested in and have a right to insist upon such a condition, it may be very questionable whether he has any such right or interest.

Our statute, however, puts this question at rest and settles any doubts that might otherwise exist. "When any conditions annexed to a grant or conveyance of lands are merely nominal, and evince no intention of actual and substantial

benefit to the party to whom or in whose favor they are to be performed, they may be wholly disregarded, and a failure to perform the same shall in no case operate as a forfeiture of the lands conveyed subject thereto." 2 Comp. L. § 4113. The fair construction of this statute is that conditions in a conveyance which evince no intention of actual or substantial benefit to the grantor are merely nominal. Where the observance of the condition is an existing substantial benefit, or its breach works an actual substantial injury to the grantor it cannot be considered as nominal merely, but what the effect of a breach even in such cases would be we need not determine in the present case.

The judgment must be reversed with costs and a new trial ordered.

CAMPBELL, J. concurred.

COOLEY, J. I concur in holding that in view of the statute the plaintiffs made no case for a recovery.

GRAVES, J. concurred.