## BRADY v. GREGORY.

[No. 7,487.   Filed February 13, 1912.]

1. QUIETING TITLE.—*Complaint.*—A complaint alleging that the plaintiff is the owner in fee simple of certain real estate, that defendant claims some interest in such real estate which is adverse to plaintiff's title, and which is a cloud upon plaintiff's title, states a cause of action for quieting title. p. 358.

2. QUIETING TITLE.—*Evidence.*—In order to recover in a suit to quiet title, or in an action in ejectment, the plaintiff must show that he is the owner of the property; and he must recover on the strength of his own title and not on the weakness of the title of his adversary. p. 358.

3. DEEDS.—*Conditions Subsequent.—Covenants.*—A deed of general warranty conveying land, but containing after the description of the land a provision that "it is especially agreed as a part of the consideration herefor that the real estate above described and hereby conveyed is conveyed for, and shall be used only for, manufacturing purposes," conveys a fee simple title, such provision constituting a covenant and not a condition subsequent, where the consideration was stated to be "$1 and other good and valuable consideration" and there was no other evidence of the actual consideration, and where there was no evidence that the grantor had other land in the vicinity that would be benefited. pp. 359, 362, 364.

4. DEEDS.—*Conditions Subsequent.*—To forfeit an estate a condition subsequent in a deed must be fairly expressed, the presumption being that doubtful clauses in a deed are covenants rather than conditions subsequent. p. 359.

5. DEEDS.—*Conditions Subsequent.—Forfeitures.*—If the language in a deed clearly indicates an intention on the part of the grantor

that a certain stipulation therein was to be complied with under a penalty of forfeiture, a breach thereof will work a forfeiture. p. 360.

6. DEEDS.—*Covenants.—Conditions Subsequent.—How Determined.* —In determining whether a clause in a deed constitutes a covenant, or a condition subsequent, the court will first consider the language used, and if it is clear it will control; but if it be ambiguous, the court will consider all the circumstances including the conduct of the parties. pp. 360, 362.

7. DEEDS.—*Conditions Subsequent.*—A clause in a deed providing that a failure to perform its requirements shall render the deed void and that the estate shall be forfeited, constitutes a condition subsequent; but any language clearly indicating such intention is sufficient. p. 360.

8. DEEDS.—*Conditions.—Use of Property.—Covenants.*—A clause in a deed requiring the property conveyed to be used for a certain purpose, but specifying nothing as to a termination of the estate for a violation thereof, constitutes a covenant and not a condition subsequent. p. 362.

9. DEEDS. — *Conditions Subsequent.—Consideration.*—A condition subsequent is more readily implied in a voluntary deed than one based upon a valuable consideration. p. 363.

10. DEEDS.—*Support.—Conditions Subsequent.*—Clauses in deeds executed in consideration of the support of the grantors are usually construed as conditions subsequent. p. 366.

From Delaware Circuit Court; *J. G. Leffler,* Judge.

Suit by Samuel Gregory against Peter Brady. From a decree for plaintiff, defendant appeals. *Reversed.*

*Thompson & Sprague,* for appellant.

*Ball & Murray, C. C. Ball* and *Gregory & Lotz,* for appellee.

LAIRY, J.—Appellee on June 5, 1903, executed and delivered to the Mississinewa Window Glass Coöperative a deed to certain real estate in Delaware county, Indiana, containing three acres.

The deed by which said land was conveyed is as follows:

"This indenture witnesseth that Samuel Gregory and Sarah A. Gregory, his wife, of Delaware county, Indiana, convey and warrant to the Mississinewa Window Glass Coöperative of Wheeling, in Delaware county, in the state of Indiana, for the sum of $1, and

other good and valuable consideration, the following real estate in Delaware county, in the state of Indiana, to wit: [Describing real estate.] It is especially agreed as part consideration herefor that the real estate above described, and hereby conveyed, is conveyed for, and shall be used only for, manufacturing purposes. The grantee herein, as part consideration herefor, assumes the payment of and agrees to pay all taxes and assessments upon or against the real estate before described. In witness whereof said Samuel Gregory and Sarah A. Gregory, his wife, have hereunto set their hands and seals this June 5, 1903.

Samuel Gregory.<br>Sarah A. Gregory.''

On July 7, 1904, George R. Mansfield, as receiver of the Mississinnewa Window Glass Coöperative, by order of the Delaware Circuit Court conveyed said real estate to the LaRuche Window Glass Company, by a deed containing like provisions as to the use to be made thereof, and reciting a consideration of $300.

On April 18, 1908, the LaRuche Window Glass Company conveyed said real estate to appellant, by a deed reciting a consideration of $1, and omitting the provisions contained in the two former deeds, defining the purpose for which the real estate conveyed should be used.

On March 13, 1908, appellee brought this suit against appellant in the Delaware Circuit Court. The complaint is in four paragraphs. The first two paragraphs seek to quiet plaintiff's title in and to the real estate described in the deeds, to which we have heretofore referred, and the third and fourth paragraphs seek to eject the appellant from the possession thereof.

Appellant filed a separate demurrer to each paragraph of complaint, on the ground that neither paragraph of said complaint stated facts sufficient to constitute a cause of action. These demurrers were overruled by the court, and this ruling presents the first error relied upon for reversal.

Each paragraph of complaint states facts sufficient to

constitute a cause of action in favor of appellees.  The first
paragraph alleges that plaintiff is the owner in fee

1.   simple of the real estate described in the complaint,
and that defendant claims some title to and interest
in said real estate adverse to plaintiff's title, which right
and interest so claimed by defendant is wholly without
right, unfounded, and is adverse to the right, title and in-
terest of plaintiff in and to said real estate, and which casts
a cloud upon plaintiff's title.   Under the facts stated in
this paragraph, appellee was entitled to have his title
quieted against appellant.   In the prayer for relief appel-
lee asked that appellant be forever enjoined from asserting
any right, claim, or title to said real estate, and appellant
argues that equity will not enforce a forfeiture of an estate,
and that therefore this paragraph of complaint is not suffi-
cient to entitle appellee to the relief prayed for.   The posi-
tion of appellant is untenable.   In the first place, it does
not appear upon the face of the complaint that the purpose
of the action is to obtain 'the forfeiture of an estate for
breach of a condition subsequent; and in the second place,
a complaint, which entitles the plaintiff to some relief is
sufficient as against demurrer, although the facts stated
may not be sufficient to entitle him to all of the relief asked.
The demurrer was properly overruled as to each paragraph
of complaint.

The motion for a new trial filed by appellant was over-
ruled, and this ruling is assigned as error.   Several reasons
were assigned as causes for a new trial, but the one upon
which appellant principally relies is that the finding of the
court is not sustained by sufficient evidence.

In order to entitle the plaintiff to recover in the trial
court it was necessary that he introduce evidence to prove
that he was at the time the action was commenced the

2.   owner of the real estate described in the complaint.
He must recover upon the strength of his own title.
*Blake* v. *Minkner* (1894), 136 Ind. 418; *Krotz* v. *A. R. Beck*

*Lumber Co.* (1905), 34 Ind. App. 577; *Graham* v. *Lunsford* (1897), 149 Ind. 83.

The evidence introduced by appellee shows that on June 5, 1903, the real estate described in the complaint was conveyed by appellee and his wife to the Mississinewa Window Glass Coöperative, by a deed that day executed. By this deed appellee was divested of all title to said real estate. Unless, therefore, the other evidence in the case shows that after the execution of this deed and before the commencement of this suit the title was revested in appellee, he was not entitled to recover on the evidence.

It is claimed on behalf of appellee that the title to the real estate in controversy revested in him by virtue of a condition contained in the deed first set out in this opinion, and by the breach of such condition and reëntry by appellee pursuant to such breach. On behalf of appellant, it is insisted that the clause of the deed relied on by appellee is not a condition subsequent, the breach of which would give the grantor the right to terminate the estate of the grantee by reëntry, but that it amounts only to a covenant as to use, the breach of which would give rise to an action for damages.

The deed to which we have just referred recites a consideration of $1, and other good and valuable consideration. Following the description, the deed contains the clause following:

> "It is especially agreed as a part of the consideration herefor that the real estate above described and hereby conveyed is conveyed for, and shall be used only for, manufacturing purposes."

"A condition subsequent that will defeat an estate created by a deed must be fairly expressed in the deed itself. The words used must create the condition. The court will not supply it, if the parties fail to express it." *Sumner* v. *Darnell* (1891), 128 Ind. 38, 13 L. R. A. 173.

Conditions subsequent are not favored in law, for the reason that their purpose is to work a forfeiture of vested estates. Courts are inclined to construe clauses in a deed as covenants rather than conditions, when the language used is capable of such a construction, and where the language used is such as to leave doubt as to whether a condition or a covenant was intended, the doubt should be resolved in favor of holding the clause to be a covenant and not a condition. *Sumner* v. *Darnell, supra; Jeffersonville, etc., R. Co.* v. *Barbour* (1883), 89 Ind. 375; *Thompson* v. *Thompson* (1857), 9 Ind. 323, 68 Am. Dec. 638.

If the language employed is such as clearly to indicate that it was the intention of the grantor that a stipulation or agreement contained in the deed was to be complied with by the grantee upon penalty of forfeiture of the estate granted, such stipulation or agreement will be held to constitute a condition, and a breach of such condition will give a right of reëntry and forfeiture. *Van Horn* v. *Mercer* (1902), 29 Ind. App. 277; *Jeffersonville, etc., R. Co.* v. *Barbour, supra; Carbon Block Coal Co.* v. *Murphy* (1885), 101 Ind. 115.

In determining whether a clause in a deed was intended as a condition or only as a covenant, the court will look first to the language employed to express the intent. If the language is clear and explicit it will control, and the court will look no further, but if it is indefinite and ambiguous, the court may then look to the circumstances under which the deed was executed and to the conditions surrounding the parties at the time, which may be presumed to have influenced their conduct for the purpose of ascertaining their intention. The intention to create a condition subsequent is most clearly and positively shown by a stipulation in the deed, to the effect that upon a failure to perform a certain provision or provisions therein contained, the deed shall become void, or that the estate shall be forfeited. If a deed contains a stipula-

tion of this character, or if other language is used clearly indicating that the estate granted shall revest in the grantor upon a breach of certain provisions of the deed, such language indicates an intention to create a condition subsequent, the breach of which gives a right to the grantor to terminate the estate by reëntry after breach of condition. The courts of the various states are practically in accord upon this proposition. *Henderson* v. *Hunter* (1868), 59 Pa. St. 335; *Hoyt* v. *Ketcham* (1886), 54 Conn. 60, 5 Atl. 606; *Ellis* v. *Elkhart, etc., Co.* (1884), 97 Ind. 247; *Preston* v. *Bosworth* (1899), 153 Ind. 458, 74 Am. St. 313; *Royal* v. *Aultman & Taylor Co.* (1889), 116 Ind. 424, 2 L. R. A. 526; *Osgood* v. *Abbott* (1870), 58 Me. 73; *Austin* v. *Cambridge-port Parish* (1838), 21 Pick. 215; *Cook* v. *Wardens, etc.* (1875), 5 Hun 293; *Erwin* v. *Hurd* (1883), 13 Abb. N. C. 91; *Cincinnati* v. *Babb* (1893), 4 Ohio Dec. 464.

While it is true that language indicating that the estate granted should revest in the grantor upon failure to comply with a provision of the deed or other instrument creating the estate is the surest and most infallible indication of intention to create a condition subsequent, it does not follow that such language is essentially necessary to create such a condition, or that a condition subsequent cannot be created or expressed in other language apt for that purpose. No particular form of words is necessary. Any language which clearly expresses the intention is sufficient. It has been held, however, that certain words and phrases such as, "upon condition," "so that," "provided," or words of similar import, are peculiarly adapted to express such an intention, but the use of such words is not regarded as an absolute indication of an intention to express a condition subsequent. The use of such words indicates an intention to create such a condition, but do not so clearly express it as to be absolutely binding upon the courts. The same form of words may be used to express a covenant; and when it is doubtful whether such words were intended to express a

condition or a covenant, the court may look to the relation and situation of the parties and the nature of the acts to be performed or prohibited by the language of the instrument for the purpose of ascertaining the true sense in which they were employed. *Scovill* v. *McMahon* (1892), 62 Conn. 378, 26 Atl. 479, 21 L. R. A. 58, 36 Am. St. 350; *Brannan* v. *Mesick* (1858), 10 Cal. 95, 106; *Stanley* v. *Colt* (1866), 5 Wall. (U. S.) 119, 18 L. Ed. 502; *Post* v. *Weil* (1889), 115 N. Y. 361, 22 N. E. 145, 5 L. R. A. 422, 12 Am. St. 809; *Hoyt* v. *Kimball* (1870), 49 N. H. 322.

We cite a few of the many cases in which a clause in a deed has been held to express a covenant and not a condition, notwithstanding the use of the words "upon condition," or other words of like import. *Episcopal City Mission* v. *Appleton* (1875), 117 Mass. 326; *Post* v. *Weil, supra; Avery* v. *New York, etc., R. Co.* (1887), 106 N. Y. 142, 12 N. E. 619; *Clark* v. *Marlin* (1865), 49 Pa. St. 289; *Barrie* v. *Smith* (1881), 47 Mich. 130, 10 N. W. 168.

Where a deed contains a clause providing that the real estate conveyed shall be used for a certain purpose, but contains no apt words to express a condition, and no language is used to indicate an intention that the estate granted shall terminate or revest upon failure to comply with such provision, such clause is generally held to express a covenant and not a condition. *Heaston* v. *Board, etc.* (1863), 20 Ind. 398; *Sumner* v. *Darnell, supra; Higbee* v. *Rodeman* (1891), 129 Ind. 244; *Thompson* v. *Hart* (1909), 133 Ga. 540, 66 S. E. 270; *Olcott* v. *Gabert* (1893), 86 Tex. 121, 23 S. W. 985.

The clause in the deed from Gregory and wife conveying the real estate in controversy contains no apt words to express a condition, and there is no language in the deed expressive of the intention that the title should revest in the grantors in the event it ceased to be used for factory purposes. *Sumner* v. *Darnell, supra; Higbee* v. *Rodeman, supra.*

In the case last cited, the owner of real estate conveyed a half acre to a township for school purposes. In denying that the language of the deed expressed a condition subsequent the court said: "The language used in the deed from Dunn to the township specifies the use to which the property would be put, but does not even tend to create a condition subsequent."

A condition subsequent is more readily implied in a voluntary deed than in one based on a valuable consideration. *Olcott* v. *Gabert, supra.* This is also true where it 9. appears from the deed that the use to which the real estate was to be put by the grantee as stipulated in the deed constituted the sole consideration for its execution. *Indianapolis, etc., R. Co.* v. *Hood* (1879), 66 Ind. 580; *Cleveland, etc., R. Co.* v. *Coburn* (1883), 91 Ind. 557.

In both the cases last cited it appears that the deeds were executed upon the sole consideration that the real estate conveyed should be permanently used for the purposes mentioned in the conveyances. In neither deed were there any apt words used to express an intention that the estate should be a conditional one, depending upon the use to which it was put by the grantee, and there was no provision in either deed that the title should revest upon failure to apply the property to the use mentioned. The deed construed in the first case, after reciting that the conveyance was made upon the consideration of the permanent location and construction of the depot of the grantee railway company upon the lots described, provided in the habendum clause as follows: "To have and to hold the premises aforesaid, with the appurtenances, to said party of the second part for the purposes aforesaid." This case was cited in the case of *Sumner* v. *Darnell, supra,* in which, referring to the language just quoted, the court said: "The statement of the use and condition was much stronger than is contained in the deed under consideration, and it does not support the position of the appellants. We do not feel called upon to ex-

tend the rule in favor of conditions subsequent beyond that indicated in this case.''

The provision in the deed under consideration, that the real estate is ''conveyed for and shall be used only for factory purposes,'' does not appear in connection with 3. the habendum but follows the description. Its position in the deed, however, is not controlling. *Lindsey* v. *Lindsey* (1874), 45 Ind. 552. The clause provides that the use to which the real estate is to be put is a part of the consideration for the conveyance, but it does not appear from the deed or from the evidence in the case that it was the sole consideration or even the principal consideration. The consideration stated in the deed is ''the sum of $1, and other good and valuable consideration.'' The evidence does not show what was the real consideration for the deed, and this court has no means of knowing what other good and valuable considerations passed.

Courts are more inclined to treat a conveyance as conditional where the declared purpose for which the property is to be used is one which will inure to the special benefit of the grantor, than in cases where the declared use is such as will inure to the benefit of the public at large or to some particular class of persons. *Downen* v. *Rayburn* (1905), 214 Ill. 342, 73 N. E. 364. So, where the language of a clause in a deed indicates a purpose simply to define and regulate the use which shall be made of real estate granted, and where it does not appear that such use is for the special benefit of the grantor and his heirs, it will not be construed as a condition subsequent. *Episcopal City Mission* v. *Appleton, supra.* There is nothing in the deed under consideration or in the evidence to show that the grantor had any special interest in having the real estate in question used for factory purposes. In the absence of evidence showing that at the time the deed was executed, the grantor owned other lands in the immediate vicinity which would be benefited by the operation of a factory on the lands conveyed, no infer-

ence can be drawn that the grantor would be especially benefited by such use. The more probable presumption would be that benefits would accrue to the community at large.

We have referred to the evidence in this case for the purpose of affording a means of distinguishing the case at bar form the cases of the *Indianapolis, etc., R. Co.* v. *Hood, supra,* and *Cleveland, etc., R. Co.* v. *Coburn, supra.* In the first case much stress is laid on the fact that the purpose for which the property was to be used, as expressed in the deed, was the sole consideration of the conveyance, while in the second case the court seems to have been governed largely by the existing facts of the particular case. The court said at page 562 of the opinion in the second case: "In determining the question whether the estate granted is one upon a condition subsequent, the court will seek to enforce the intention of the parties, to be gathered from the instrument and the existing facts." As we have pointed out, there is nothing in the language of the instrument clearly indicating an intention to create an estate upon condition and the attendant facts and circumstances are not of such a character as clearly to indicate such an intention when considered in connection with the language of the deed. To hold that the deed in question creates an estate upon condition, would clearly extend the rule in favor of conditions subsequent, beyond that indicated in the case of *Indianapolis, etc., R. Co.* v. *Hood, supra.* As the Supreme Court has held that the rule has been carried quite far enough in its application to the facts in that case, and has expressly refused further to extend it, we do not feel at liberty to do so. *Sumner* v. *Darnell, supra.* We therefore hold that the deed from Gregory and wife to the Mississinewa Window Glass Coöperative did not create a conditional estate, but an absolute estate in fee simple, and that the clause in said deed, wherein it is agreed as a part of the consideration that the land conveyed shall be used only for manufacturing purposes, is a covenant

running with the land. There is some apparent conflict in the decisions, but such conflict is apparent rather than real. To attempt to review and reconcile the cases would extend this opinion which is already too long.

There is, however, one class of cases which should be referred to and distinguished. The courts have applied a very liberal rule for the construction of a deed or other instrument, by which an aged person has made a disposition of property for the purpose of providing for his own support in declining years, or for the purpose of providing for the support of a member of his family or some person in whom he had a special interest. The provisions in such deeds in reference to support have usually been held to constitute conditions subsequent, the breach of which rendered the estate granted defeasible. In most of such cases the support provided for is the sole consideration for the conveyance and the grantor, always in such cases, has a special personal interest in the performance of the act provided for in the deed. On account of these and other special circumstances which usually accompany conveyances of this character, deeds made in consideration of future support to be furnished by the grantee, have generally been held to create estates upon condition subsequent. *Richter* v. *Richter* (1887), 111 Ind. 456; *Copeland* v. *Copeland* (1883), 89 Ind. 29; *Lindsey* v. *Lindsey, supra; Petro* v. *Cassiday* (1859), 13 Ind. 289; *Leach* v. *Leach* (1853), 4 Ind. 628; *Cree* v. *Sherfy* (1894), 138 Ind. 354; *Lindsay* v. *Glass* (1889), 119 Ind. 301.

Cases of the character just cited must be considered as constituting a class of their own to which the strict rules of construction against conditions subsequent are not applied. In the case of *Cree* v. *Sherfy, supra,* our own Supreme Court quotes with approval the following language from 28 Cent. L. J. p. 321: "Conveyances of property by aged and infirm people to their children, in consideration of

promised support and maintenance, are somewhat peculiar in their character and incidents, and must be sometimes dealt with by the courts on principles not applicable to ordinary conveyances. A person incapacitated by the infirmities of age for active pursuits naturally feels a strong desire to place the fruits of his industry and enterprise where they will secure him during the remnant of his life a suitable and proper maintenance, without further care and labor on his part. One thus situated also naturally prefers to convey his property to his child for that purpose, and that his child, and not a stranger, should assume the obligation to maintain him. Paternal affection thus prompts him, and he relies upon the filial affection of his child for the faithful and cheerful performance of the obligation. And thus it is that when an aged and infirm father conveys his property to his son, in consideration that the son shall care for and maintain him during the remainder of his life, elements enter into the transaction peculiar to such cases. Such a transaction * * * is prompted often by necessity, always by affection for and trust in the son to whom he has transferred his means of support. Besides, the age and infirmity of the father may unfit him in a degree properly to protect his own interests, and may render him subject to imposition. Hence it is that we seldom find in such transactions evidence of that deliberation and careful regard for self-interest on the part of the father which usually characterize ordinary business transactions of the same magnitude. Because of these and other considerations peculiar to a case like this, it is the duty of the son, and he should regard it as his highest privilege, fully to perform his agreement. This is not only a moral and religious duty, but it is a duty of which a court of equity will take cognizance, and grant a proper relief for its nonperformance.'' Such cases are to be regarded as authority only in that class of cases to which they belong, and will not be regarded as controlling where the question involved is the construction to be given

to conveyances of real estate not embraced in the class mentioned. For the reason just stated we shall not attempt to reconcile the cases belonging to the class to which we have just referred with the decision in this case.

As the deed from Gregory and his wife conveyed an absolute estate and not a conditional one, the other questions presented by this appeal become unimportant. Under the evidence, appellee had no title to the real estate in controversy at the time he commenced his suit. The evidence does not sustain the finding, and the motion for a new trial should have been sustained.

Judgment reversed, with directions to grant a new trial.