FLAUM, Circuit Judge.
 

 This is an appeal from a district court’s order affirming the bankruptcy court in its holding that a trustee may not sell a debtor’s land free of a reciprocal land covenant executed in favor of her neighbor’s property. We affirm.
 

 I. Background
 

 Kathleen Sue Hiles (“Debtor”) owns property in Scherville, Indiana, within a residential subdivision known as Lincoln Knolls Estates (“Lincoln”). In 1976 the Debtor obtained permission from the city zoning commission to build a commercial music store on her residential property. In response, some of her neighbors filed suit in state court with the hope of enforcing a restrictive, reciprocal land covenant (the “Lincoln Covenant”) that was recorded on all the lots of the original Lincoln subdivision. The Covenant restricted the neighborhood to single-story, residential property. In relevant part, the Lincoln Covenant provides as follows:
 

 1. The above and foregoing section of land is made subject to and upon the following restrictions and covenants upon the tracts within the said section, which restrictions and covenants shall operate as and shall be construed to be covenants running with the land.
 

 2. No tract of land shall be used for any purpose other than residential building. No building shall be erected, altered, placed or permitted to remain on any tract other than a single family dwelling not to exceed one story in height and a private garage for not more than two cars. Construction of family dwelling to be of new materials and faced with either face-brick, stone or combination of both.
 

 * * # # * *
 

 16. These covenants are to run with the land and shall be binding on all parties and persons claiming under them for a period of fifty years from the date these covenants are recorded....
 

 17. Enforcement shall be proceedings at law or in equity against any person or persons violating attempting to violate any covenant either to restrain violation or recover damage.
 

 Initially, a state trial court found the Lincoln Covenant unenforceable. A race then ensued — the neighbors, immediately appealed while the Debtor rushed to construct her budding. Shortly after the debtor finished construction, the state court of appeals found the Lincoln Covenant enforceable and remanded the case with instructions that the Debtor be permanently enjoined from building her music store.
 
 Cunningham v. Hiles,
 
 182 Ind.App. 511, 395 N.E.2d 851 (1979). When the Debtor claimed that her completion of store now rendered the matter moot, the appellate court affirmed its prior holding.
 
 Cunningham v. Hiles,
 
 402 N.E.2d 17 (1980).
 

 Unable to operate her business and meet her financial obligations, the Debtor filed a Chapter 11 petition for bankruptcy. As part of her bankruptcy, the Debtor sought to sell her music-store property in Lincoln free of the same Lincoln Covenant that had been the basis for the initial injunction. The neighbors, of course, objected to the Debtor’s proposed sale. During the subsequent hearing on the sale, the Debtor filed a motion to set
 
 *298
 
 aside the Lincoln Covenant as an executory contract. The bankruptcy court rejected the Debtor’s petition, holding that under title 11 of the United States Code neither § 368 nor § 105 allowed the Debtor to sell her land free and clear of its restrictive covenant, and that the Lincoln Covenant was not an execu-tory contract under 11 U.S.C. § 365. The Debtor appealed this decision to the Northern District of Indiana. After the district court affirmed, the Debtor filed this appeal. In the interim the Debtor’s Chapter 11 petition has been converted to a Chapter 7 liquidation; Gordon E. Gouveia (“Trustee”) has been substituted as the party plaintiff.
 

 II. Analysis
 

 The Trustee argues that he has the authority to sell the Debtor’s real property free and clear of a reciprocal land covenant (running with the land) for the following reasons: (A) the Lincoln Covenant is an unenforceable executory contract under 11 U.S.C. § 365, (B) it is an interest convertible to monetary damages under 11 U.S.C. § 363(f)(5), and (C) the bankruptcy code otherwise necessitates a sale of the property free and clear of the Lincoln Covenant under 11 U.S.C. § 105. We shall address these arguments serially.
 

 A. Executory Contract
 

 The Trustee contends that the Lincoln Covenant is merely an executory contract, thus entitling the debtor to sell the encumbered property free and clear by the court’s equitable powers as provided under 11 U.S.C. § 365(a). The language of this statute reads as follows:
 

 Except as provided in sections 765 and 766 of this title and in subsections (b), (c), and (d) of this section, the trustee, subject to the court’s approval, may assume or reject any executory contract or unexpired lease of the debtor.
 

 Citing several Indiana eases, the bankruptcy court noted that although restrictive covenants (such as the one here at issue) may contain the characteristics of both a contract and an interest in real estate, the primary nature of such covenants is not contractual but rather a property interest.
 
 See Adult Group Properties v. Imler,
 
 505 N.E.2d 459, 464 (Ind.Ct.App.1987) (referring to a restrictive covenant as a “property right,” citing
 
 Pulos v. James,
 
 261 Ind. 279, 302 N.E.2d 768, 771 (1973) (stating that a restrictive covenant recorded on a plat is a covenant running with the land, and that it creates a “property right” in each grantee and any subsequent grantees of the plat subject to the restriction, citing
 
 Wischmeyer v. Finch,
 
 231 Ind. 282, 107 N.E.2d 661 (1952). We agree.
 

 The term “executory contract” is not defined in the bankruptcy code. The Eighth Circuit, however, has defined the term execu-tory contract (in the context of bankruptcy) to mean a contract under which the bankrupt and the other party both are obligated, that such obligation remains unperformed by either party, and that failure of either to complete performance would constitute a material breach excusing the other of performance.
 
 In re Knutson,
 
 563 F.2d 916, 917 (8th Cir.1977).
 

 Applying the definition of
 
 Knutson,
 
 the bankruptcy court concluded that the Lincoln Covenant was not executory for the purposes of § 365. The court reasoned that in the typical executory contract the Debtor’s obligation is to do some affirmative act in the
 
 future
 
 — such that executory contracts typically include leases, employment contracts, and other agreements to buy and sell in the
 
 future. See also In re Jolly,
 
 574 F.2d 349 (6th Cir.1978),
 
 cert. denied,
 
 439 U.S. 929, 99 S.Ct. 316, 58 L.Ed.2d 322 (1978). Unlike the typical executory contract, however, the Lincoln Covenant requires no affirmative performance in the future. The court then went on to reason that the Lincoln Covenant was properly recorded on the title of the lot at issue, and the deed conveyed to the Debtor was subject to the restrictive covenant. Because at that point, as the court reasoned, there was nothing further to be done by either party, the contract (if it be so characterized) was fully executed.
 

 While almost all agreements to some degree involve unperformed obligation on either side,
 
 In re Streets & Beard Farm Partnership,
 
 882 F.2d 233, 235 (7th Cir.1989), such an expansive definition of the
 
 *299
 
 term “executory” is not what Congress enacted through its choice of language in § 365. After reading this code section, we find the reasoning of the bankruptcy court persuasive. Like many other real-property interests, the Lincoln Covenant establishes an ongoing right of
 
 ‘present
 
 (not merely future) enjoyment — the present right to have a commercial-free neighborhood. As noted by the bankruptcy court, restrictive covenants, like restrictive easements, traditionally have been recorded on the title of the encumbered property. While distinguishing between contracts and property rights may seem elusive, the neighbors’ present enjoyment of the right, their completion of performance noted by both the bankruptcy and the district court, and the traditional treatment of their rights as running with the land, all indicate to us that the Lincoln Covenant is an interest in real property. As such, § 365 of the bankruptcy code is inapplicable.
 

 B. Cash Convertible Interest
 

 Section 363(f)(5) of the Code permits the sale of the land free of any interest when a party can be compelled to accept money damages in lieu of enforcement. The Code provides the following in relevant part:
 

 The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if—
 

 * * * * Hi *
 

 (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.
 

 11 U.S.C. § 363(f)(5). The Trustee argues that this code section is applicable to remove the Covenant. Having already determined that the Lincoln Covenant is a property interest, we must now decide whether subsection (5) applies to the Lincoln landowners.
 

 In reading the text of the statute we note that an entity must be able to be
 
 “compelled
 
 ” to accept money damages in lieu of equitable enforcement before subsection (5) will apply. From this language we conclude that if the money damages are available upon the consent of those who hold the covenant, then such persons are not compelled to ac-cept money, and thus § 363(f)(5) does not apply. The pertinent language of the covenant provides as follows:
 

 Enforcement shall be by proceeding at law or in equity against any person or persons violating or attempting to violate any covenant either to restrain violation or recover damages.
 

 In reading this language the bankruptcy court determined that the Lincoln landowners have the option to pursue monetary damages, but that the landowners cannot be forced to forego equitable relief in favor of a cash award. Thus, the court concluded, § 363(f)(5) does not apply to the Lincoln Covenant. We again agree. The Lincoln Covenant speaks only in terms of the election of remedies available to those landowners who seek to enforce the restrictive covenant. No mention is made of any rights available to the breaching landowner, at his option, to unilaterally elect among the enforcement seekers’ potential remedies. Since the Lincoln landowners cannot be forced to accept money damages in lieu of equitable relief, we conclude that § 363(f)(5) is inapplicable to the case at bar.
 

 The Trustee next argues that Indiana law and the specific provisions of the Lincoln Covenant compel the Lincoln landowners to accept legal relief because the music store already exists on the property. In support of his argument the Trustee relies principally upon the venerable
 
 Brady v. Gregory,
 
 49 Ind.App. 355, 97 N.E. 452 (1912). As the district court reasoned,
 
 Brady
 
 is readily distinguishable from this case. In
 
 Brady
 
 the grantor never requested equitable relief; here the landowners obtained a permanent injunction prohibiting the Debtor from violating the Covenant. While the Indiana trial court initially held the Lincoln Covenant unenforceable, the Indiana Court of Appeals reversed that decision, stating that the evidence presented did not show that the changes which had occurred within and around the subdivision were so radical in nature so as to defeat the purposes of the Covenant. The case was remanded to the trial court with instructions to grant the Lincoln landowners a permanent injunction against the construction of the music store.
 
 *300
 
 At all times prior to the Debtor’s bankruptcy, the Lincoln landowners had been requesting equitable relief. They had chosen their remedy. They did not seek damages. The fact that the Debtor chose to incur the risk of building a structure prior to the exhaustion of the adverse parties’ appeal is not a reason to force her neighbors to now accept money damages.
 

 Alternatively, the Trustee argues that even if the landowners cannot be compelled to accept money damages for the Debtor’s breach of the Lincoln Covenant, because the equitable provisions of the injunction are coupled with a legal right for damages, this action against the debtor becomes a “claim” dischargeable in bankruptcy under § 101(5)(B).
 
 See In the Matter of Barry Stuart Udell,
 
 18 F.3d 403, 405-07 (7th Cir.1994). In
 
 Udell
 
 we recently reversed a district court for taking the precise position that the Trustee urges upon us today — that the inclusion of á money damages provision along side a provision for a permanent injunction converts that injunction into a claim dis-chargeable under § 101(5)(B). Since the Trustee has made no argument that we should reverse our recent decision, we must reject his 101(5)(B) position based on this court’s precedent.
 

 C. Necessity
 

 Finally, the Trustee argues that the sale of the music store property free and clear of the Lincoln Covenant is otherwise necessary according to the provisions of the United States Bankruptcy Code, and asks this court to order this sale pursuant to the court’s general equitable powers granted in § 105(a). Section 105(a) provides in relevant part: In requesting relief under § 105(a), the Trustee argues that restrictions upon the free use of land are looked upon with disfavor, citing
 
 American Cannel Coal Company v. Indiana Cotton Mills,
 
 78 Ind.App. 115, 134 N.E. 891 (1922). In
 
 American Cannel,
 
 the appellant brought an action to enjoin the appellee from violating a restrictive covenant which had been in existence for 9 years. The
 
 American Cannel
 
 court held the covenant unenforceable because the appellant did not own or occupy any property in the immediate vicinity and did not allege any present or future injury. We note that the court in
 
 American Cannel
 
 carefully pointed out that as long as the grantor of the deed containing the covenant, or anyone claiming under it, owned property in the immediate vicinity of the violation, the restrictive covenant could be enforced.
 
 Id.
 
 at 893. Since
 
 American Cannel,
 
 Indiana has held that a restrictive land covenant may be enforced in equity.
 
 See Adult,
 
 505 N.E.2d at 464;
 
 Austin v. Durbin,
 
 160 Ind.App. 180, 310 N.E.2d 893 (1974);
 
 Suess v. Vogelgesang,
 
 151 Ind.App. 631, 281 N.E.2d 536 (1972). We believe that because the Lincoln landowners own property in the immediate vicinity of the Debtor’s violation, the bankruptcy court properly distinguished
 
 American Cannel
 
 and enforced the Lincoln Covenant.
 

 The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of Appellate process.
 

 The Supreme Court has taught that any grant of authority given to the bankruptcy courts under § 105 must be exercised within the confines of the bankruptcy code.
 
 See Norwest Bank Worthington v. Ahlers,
 
 485 U.S. 197, 108 S.Ct. 963, 99 L.Ed.2d 169 (1988). The powers granted to the bankruptcy court under § 105 are subject to the Full Faith and Credit Clause of the Constitution.
 
 See
 
 U.S. Const. Art. IV, § 1.;
 
 see also
 
 28 U.S.C. § 1738. The bankruptcy court must afford full faith and credit to a valid state court judgment to the same extent as the rendering state.
 
 In re Holiday Interval, Inc.,
 
 114 B.R. 177 (1989). As the bankruptcy court noted, the Debtor concedes that the Indiana Court of Appeals, in the earlier state proceedings of this case prior to the Chapter 11 filing, adjudicated the issue now before this court, and determined that the Lincoln Covenant is enforceable in equi
 
 *301
 
 ty. We will not invoke § 105(a) under a general equitable power to set aside a valid, permanent injunction from an Indiana state court.
 

 Finally, the Trustee argues that § 105(a) applies because a distinct economic hardship has been imposed by the Lincoln Covenant and that the Trustee has received an offer from a purchaser that would allow a substantial distribution to the unsecured creditors. We note, however, that the Lincoln Covenant was not imposed on the Debtor, but rather it was plainly recorded on the deed when she obtained the property. Furthermore, the unsecured creditors also had ample opportunity to inspect the Debtor’s title before extending any credit, and thus had constructive notice of the restrictions. Both the Debtor and her creditors presently have exactly the same title they have always had, a piece of property located within residential Lincoln subject to a restriction forbidding commercial construction. To change the character of the Lincoln property, after it came into to the hands of the Debtor (or before the watchful eyes of her creditors) would extend to both of them an undeserved windfall at the expense of the other Lincoln landowners. The Trustee may sell the Debtor’s property with its current character for whatever the market will bear.
 

 AFFIRMED.