**In re Jared C. WILLETS, and Paula M. Willets, Debtors.**

**No. 00–42181–PNS3–B.**

United States Bankruptcy Court, N.D. Florida, Pensacola Division.

May 10, 2001.

---

Martin S. Lewis, Pensacola, for Debtors.

Charles L. Hoffman, Jr., Pensacola, for Lionsgate Homeowners Assoc.

William J. Miller, Jr., Tallahassee, for trustee.

### MEMORANDUM OPINION AND ORDER DENYING MOTION TO AVOID JUDGMENT LIEN

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

THIS CASE came before the Court upon the Debtors' Motion to Avoid Judgment Lien. Debtors Jared and Paula Willets seek to avoid the final judgment recorded in favor of Creditor Lionsgate Homeowners' Association, Inc. This Court has jurisdiction over the case pursuant to 11 U.S.C. §§ 151, 157(b)(2)(K), and 1334.

The relief ordered by the state court requires the Debtors to remove a pool and concrete deck, and restore a wooden deck. The judgment is neither a judicial lien, nor a charge against or interest in property to secure payment of a debt or performance of an obligation. The judgement does not impair an exemption to which the Debtors would have been entitled. The judgment in question is an in personam mandate, ordering specific performance by the Debtors, that potentially affects the marketability of title to the Debtors' homestead. For the reasons more fully discussed below, the Debtors' motion is denied. The following findings of fact and conclusions of law are presented in accordance with Fed. R.Bankr.P. 7052.

### Factual and Procedural History

After renting in the neighborhood for several months, the Debtors bought a house in the Lionsgate Planned Unit Development. All property in Lionsgate is subject to restrictive covenants running with the land. The restrictive covenants promote a uniform exterior appearance throughout the community, and prohibit individualized external aesthetic expressions. Article V of the Covenants provides:

> No building, fence, wall or other structure shall be commenced, erected or maintained upon the Properties, nor shall any exterior addition to or change or alteration therein be made until the plans and specifications showing the nature, kind, shape, height, materials and location of the same shall have been submitted to and approve in writing as to harmony of external design and location in relation to surrounding structures and topography by the Board of Directors of the Association, or by any architectural committee appointed by the Board.

The Lionsgate Homeowners' Association Board of Directors, serving as the Architectural Committee, denied the Willetses permission to build a pool, deck, and screened enclosure. The Debtors built the pool and the deck anyway, and the Board sued. Relevant excerpts of the judgment entered by the Circuit Court in and for Santa Rosa County, Florida include:

1. Plaintiffs, Lionsgate Homeowners' Association ... are entitled to the relief requested in their complaint.

2. Defendants shall within 90 days from the date of this Final Judgment [April 7, 2000] remove the pool and concrete deck for which construction began on or about April 9, 1999. All of the pool and concrete deck and other construction which began at that time shall be removed. If defendants removed any pre-existing wooden deck to construct the offending pool and concrete deck they shall be entitled to restore that pre-existing wooden deck.

3. Jurisdiction is reserved both to determine taxable costs and to determine entitlement to and the amount of attorneys fees.

The parties subsequently entered into a settlement agreement, filed with the state court August 9, 2000. The agreement called for the Willetses to encase the deck in wood, paint the deck to conform with the community's appearance standards, and pay the Association's legal fees and costs. The settlement allowed the Willetses to keep the pool. The Debtors did not meet all of the obligations in the settlement agreement. Instead, they filed their Chapter 7 petition on October 24, 2000 and filed the instant motion seeking to avoid the judgment as a judicial lien.

### Discussion

■ The issue before the Court is whether the final judgment in question

created a lien that can be avoided under the Bankruptcy Code. The debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled if such lien is a judicial lien. 11 U.S.C. § 522(f)(1)(A).

A review of the definitions contained in section 101 of the Code, the official notes supplemental to the Code, and the interpretive case law, shows that the judgment in question is not a judicial lien that can be avoided under the Code.

"Judicial lien" means lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding. § 101(36).

"Lien" means charge against or interest in property to secure payment of a debt or performance of an obligation. § 101(37).

"Debt" means liability on a claim. § 101(12).

"Claim" means (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (B) right to an equitable remedy for breach of performance *if such breach gives rise to a right to payment* [emphasis added], whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured. § 101(5).

11 U.S.C. § 101.

■ The definition sections of the Code show that a judicial lien is a judgment that gives rise to charge against or an interest in property to secure payment of a debt or performance of an obligation, if the breach of performance gives rise to a right to payment. The Congressional intent is delineated with regard to the breadth and scope of the power of judicial lien avoidance as follows:

Section 101[ (5) ] ... include[s in] the definition of "claim" a right to an equitable remedy for breach of performance, *if such breach gives rise to a right to payment.* [emphasis added]. This is intended to cause the liquidation or estimation of contingent rights of payment for which there may be an alternative equitable remedy with the result that the equitable remedy will be susceptible to being discharged in bankruptcy.

. . .

On the other hand, rights to an equitable remedy for a breach of performance with respect to which such breach does not give rise to a right to payment are not "claims" and would therefore not be susceptible to discharge in bankruptcy.

The House and Senate statements are identical. *See 124 Cong. Rec.* H11090 (daily ed. Sept. 28, 1978); *S 17406* (daily ed. Oct. 6, 1978); remarks of Rep. Edwards and Sen. DeConcini.

■ The case law provides ample guidance on this issue as well. Although the definition of "judicial lien" under the Bankruptcy Code is a broad one, not every lien or interest that is recognized by a court is necessarily a judicial lien. *Matter of Colby*, 23 B.R. 142, (Bankr.W.D.Wis. 1982). In Florida, injunctive relief is a proper means of enforcing a restrictive covenant affecting real estate. *Williams Island Associates, Ltd. v. Cohen*, 579 So.2d 289 (Fla. 3rd DCA 1991); *Velickovich v. Ricci*, 391 So.2d 258 (Fla. 4th DCA 1980), *review denied* 402 So.2d 614. A covenant running with the land does not give rise to a "claim" since the neighbors have the right to enforce the covenant by injunctive relief. *Gouveia v. Tazbir*, 37 F.3d 295 (7th Cir.1994). In the instant matter, the Debtor seeks to avoid the injunctive relief

mandating the removal of the pool, and the restoration of the premises, to conform with the standards of the restrictive covenant. There is no language in the judgment that allows for conversion of the remedy from performance to money damages.

This Court has previously held that nonmonetary injunctive relief does not give rise to a "claim."

> In situations where an injunction is not necessarily reducible to monetary damages, a prohibitory injunction, in which a party is ordered not to act, is the prevalent method of enforcement.... If damages are not ascertainable, the harm is irreparable and an injunction is the appropriate remedy. *Id.* ... If this remedy does not give rise to an alternative right to payment, but rather a prohibitory injunction, such a remedy would not be a "claim" as defined by the Bankruptcy Code.

*In re Printronics,* 189 B.R. 995, 1001 (Bankr.N.D.Fla.1995). In the present case, the only distinction in the remedies is that the instant injunction requires action rather than inaction. Nonetheless, the non-monetary nature of the remedy leads to the same conclusion: the injunction is not a "claim" and the judgment ordering it is not a "judgment lien" avoidable in bankruptcy.

█ The intersection of a covenant running with the land and a release from a judgment enforcing that covenant was discussed by our sister court as follows:

> A covenant running with the land ... is an integral part of the property which the debtor acquired when the debtor acquired title to the property. The debtor never had title clear of the previously recorded covenant running with the land. Even though a mortgage and deed may be executed simultaneously, they are separate transactions. The debtor's acceptance of a deed and the corresponding recorded covenants, however, is one single and inseparable transaction. Therefore, to release the debtor from a recorded covenant is to take a property interest away from the homeowners' association and give the debtor a property interest which the debtor never had in the first place. Any release from a covenant would in effect be a forced conveyance of a property interest from the homeowners' association to the debtor, something clearly beyond the scope of ... Chapter 7 ....

*In re Rivera,* 256 B.R. 828, 833–834, (Bankr.M.D.Fla.2000). The facts in the instant case lend themselves to the *Rivera* analysis. Here, the Willetses never had the unencumbered right to erect a pool and decking. Any order from this Court that provides the Debtors with that right would constitute a transfer of rights not provided for in the Code. In adopting *Rivera,* this Court holds that a judgment enforcing a restrictive covenant is not a judicial lien subject to the lien avoidance mechanisms afforded by the Bankruptcy Code.

At the section 341 meeting, the Debtors purportedly rejected the settlement agreement as an unconsummated executory contract. Thus, the judgment enforcing the restrictive covenants, which was never vacated or satisfied, remains in effect. While the Debtors could and did reject the settlement agreement, they are without power to treat the underlying judgment in the same fashion. A declaration of covenants is not an executory contract because:

> (1) "rejection" would not constitute a breach relieving the debtor of the debtor's obligation to perform; (2) because a covenant is a property interest and not a contract, it is not capable of rejection; and (3) a debtor cannot simultaneously accept the benefits and reject the bur-

dens of an executory contract, but if a debtor could reject covenants, there is no mechanism by which the debtor can give up the corresponding benefits other than conveyance of title to the property. *See Rivera* at 834 *citing In re Beeter,* 173 B.R. 108, 113–116 (Bankr.W.D.Tex.1994) *and In re Raymond* 129 B.R. 354, 357–359 (Bankr.S.D.N.Y.1991). Likewise, the Eleventh Circuit holds that a debtor may not enjoy the benefits of maintaining possession of property without the personal liability that originally accompanied the property. *In re Taylor,* 3 F.3d 1512, 1516 (11th Cir.1993).

### Conclusion

In the case at bar, there is no language in the judgment that creates a right to payment, nor is there language that places a money value on the remedy. Instead, the judgment is a personal mandate that orders the Willetses to remove the pool and concrete deck, and restore the wooden deck. To avoid the judgment would be to grant the Debtors greater rights in the property than they enjoyed prior to bankruptcy. Lien avoidance only extends to the removal of impediments to exemptions to which the Debtor would have been entitled. There is no provision in the Code or the case law that provides for the increase in a debtor's property rights through the lien avoidance mechanism. Additionally, the Debtors cannot reject the judgment as if it were an extension of the rejected settlement agreement. The judgment in question is not a judgment lien within the confines of the Code, and is therefore not subject to lien avoidance. Therefore, it is

ORDERED AND ADJUDGED that the Debtors' motion to avoid the judgment lien is denied.